IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| IN RE: )<br>   MATTHEW JOSEPH LAUDIG )<br> )<br>   Debtor(s) ) | CASE NO.  19-22676<br>CHAPTER  13 |

## DEBTOR'S MEMORANDUM IN SUPPORT
## OF OBJECTION TO MOTION FOR RELIEF AND
## OPPOSITION TO MOTION FOR RELIEF FROM STAY

The Debtor, by counsel, files his Memorandum in Support of his Response to Creditor's, Brian Hecimovich, Objection to Confirmation of Chapter 13 Plan and Motion for Relief from Stay.

## STATEMENT OF FACTS

The Parties have filed with this Court a Stipulation of Facts as Document Number 78 that they deem relevant to the issues to be determined by this Court. In addition to the Stipulated facts the Debtor would note that he filed a Chapter 13 Plan on October 28, 2019. The Plan provided for the payment to the Creditor on its secured claim in real estate located at 807 E. Ridge Road, Gary, Indiana ("Real Estate") by virtue of its tax purchaser's lien. The Plan provided that the Creditor would be paid over 36 months at an interest rate of 5%.

Prior to the filing of the Debtor's petition, the Creditor obtained an assignment of the Tax Sale Certificate from the Lake County Commissioners who had obtained a tax purchaser's lien pursuant to I.C. 6-1.1-24-6. Although the redemption period had expired as of the petition date, and the Creditor had filed for a tax deed pursuant to I.C. 6-1.1-24, the hearing on the Verified Petition had not been held nor had the deed issued. (See Exhibit "B" Stipulation of Facts). Therefore, the Debtor was still the owner of the Real Estate subject to the lien of the Creditor at the time of the filing of the petition.

Page 1

Although the Creditor had filed a Verified Petition for deed which hearing was set for September 26, 2019, the Debtor filed his bankruptcy on September 25, 2019, resulting in a stay of the hearing on the Creditor's Verified Petition pursuant to 11 U.S.C. § 362. Because title to the Real Estate had not been accomplished prior to the bankruptcy, the Debtor remained the fee simple owner of the Real Estate as of the petition. Consequently, the Debtor treated the Real Estate in his Plan proposing to modify the rights of the Creditor pursuant to 11 U.S.C. § 1322 and § 1325.

The Creditor objected to the Debtor's Plan asserting that the plan failed to provide for the appropriate interest rate, that the debtor undervalued the property, and that it failed to provide for on-going costs associated with retention of the real estate. (Docket #43). The Creditor also filed a Motion for Relief from the Stay seeking to proceed with the State Court action to obtain a tax deed to the Real Estate asserting that the real estate is of inconsequential value and should be abandoned. (Docket #40).

## **ARGUMENT**

The Debtor asserts that the Real Estate is still property of the bankruptcy estate subject to the Creditor's lien that can be modified pursuant to 11 U.S.C. § 1322. The bankruptcy code provides that property of the estate includes:

> (a)The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
> (1)Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
> (2)All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—
> (A)under the sole, equal, or joint management and control of the debtor; or
> (B)liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.
> (3)Any interest in property that the trustee recovers under section 329(b), 363(n),

543, 550, 553, or 723 of this title.
(4)Any interest in property preserved for the benefit of or ordered transferred to the estate under section 510(c) or 551 of this title.
(5)Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—
(A)by bequest, devise, or inheritance;
(B)as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or
(C)as a beneficiary of a life insurance policy or of a death benefit plan.
(6)Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.
(7)Any interest in property that the estate acquires after the commencement of the case.

11 U.S.C. § 541. As of the date of the petition, the Lake County Auditor indicated that the Debtor was still the record holder of the Real Estate. Under Indiana Statute, the tax sale purchaser acquires a lien on the real estate and is not the title holder until a tax deed is issued. *I.C. § 6-1.1-24-9(b).* Until the issuance of the tax deed, the holder and owner of the real estate remains the person named as the record holder of the real estate. In support of his position that the Real Estate is property of the estate subject to reorganization, the Debtor cites *In re Leonard, 2013 WL2237520 (Bankr.S.D.Ind. 2013)*. In *Leonard* the debtors sought to redeem property sold at tax sale through plan payments. The debtors' real estate had been sold at tax sale on August 31, 2011. The purchaser notified the debtors of their right to redeem the property prior to August 31, 2012. The Debtors had not redeemed that property at the time of the filing of their petition May 25, 2012. In lieu of redeeming, the debtors filed a plan proposing to pay the tax sale purchaser over the term of the Plan. The Bankruptcy Court held:

> Indiana case law makes clear that a tax sale in Indiana does not immediately transfer title to the purchaser, and a purchaser is not the equitable owner of the property. Smith v. Breeding, 586 N.E.2d 932, 937 (Ind.Ct.App.1992); Geller v. Meek, 496 N.E.2d 103. 106–07 (Ind.Ct.App.1986). Rather, when a certificate of sale is issued

by the county auditor, the purchaser acquires a lien against the real property for the entire amount paid. IND. CODE § 6–1.1–24–9(b). Thus, a tax sale certificate does not convey title to the land to the purchaser, but merely creates a lien in the purchaser's favor for the amount of taxes paid and a right to exchange the certificate for a tax deed when the redemption period expires. *Smith,* 586 N.E.2d at 937. Title to the property does not pass to the purchaser until the expiration of the redemption period without a redemption having been made and until the execution of a valid tax deed. *Geller,* 496 N.E.2d at 107.

Based on the foregoing, at least two things are clear in the case at hand: First, as of the Petition Date, Halifax held nothing more than a lien against the Property and, second, the Property is part of the bankruptcy estate in that Mrs. Leonard still owned the Property, along with her sisters, as of the Petition Date. *See* 11 U.S.C. § 541(a) (the filing of a bankruptcy creates an estate consisting of the debtor's legal and equitable property interests).

*Id. at pp-5-6.*

Under the facts of this case, the Creditor had yet to obtain a tax deed to the Real Estate at the time of the filing of this petition. In order to obtain title, a court must hold a hearing and find that three notices before the tax sale deed ordered and title transferred under tax sale process in Indiana. I.C. 6-1.1-24 et seq. and I.C. 6-1.1-25 et seq., The Court ***In re Matter of 2007 Tax Sale in Lake County, 926 N.E. 2d 524(Ind. App. 2010)***, stated:

> The tax sale process involves the issuance of three notices to the property owner. The first required notice is the county auditor's notice of tax sale, which is governed by Ind.Code section 6–1.1–24–4. ...
>
> The second required notice is the notice of the right of redemption, which the person who purchases the property at a tax sale sends to the owner of the property. The governing statute, Indiana Code section 6–1.1–25–4.5, provides that a purchaser is entitled to a tax deed to a property that was sold at a tax sale only if "the purchaser ... gives notice of the sale to the owner of record at the time of the sale and any person with a substantial property interest of public record in the tract or real property." ...
>
> The third required notice is the notice of filing a petition for tax deed, which the person who purchases the property at a tax sale sends to the owner of the property. The relevant statute, Indiana Code section 6–1.1–25–4.6(a), provides,

> [a]fter the expiration of the redemption period specified in section 4 of this chapter but not later than six (6) months after the expiration of the period of redemption ... the purchaser, the purchaser's assignee, the county executive, or the purchaser of the certificate of sale under IC 6–1.1–24 may ... file a verified petition in the same court and under the same cause number in which the judgment of sale was entered asking the court to direct the county auditor to issue a tax deed if the real property is not redeemed from the sale. Notice of the filing of this petition shall be given to the same parties and in the same manner as provided in [I.C. § 6–1.1–25–4.5], except that, if notice is given by publication, only one (1) publication is required.

*Id.* at 527-529.

Until the State Court holds a hearing after the issuance of the third notice and finds that all provisions of the statute have been complied, the only interest that the holder of a tax sale certificate has is a purchaser's lien. I.C. 6-1.1-24-9 provides:

> (b) When a certificate of sale is issued under this section, the purchaser acquires a lien against the real property for the entire amount paid. The lien of the purchaser is superior to all liens against the real property which exist at the time the certificate is issued.

In this instance, at the time of the filing of the bankruptcy petition, the Creditor held a purchaser's lien and was not the owner of the Real Estate. Even though the redemption period had expired prior to the filing of the bankruptcy petition, all steps necessary to transfer title had not been completed. The hearing was not held, and the order for tax deed had not been ordered by the State Court. The Debtor acknowledges that he cannot toll the redemption period pursuant to 11 U.S.C. § 362 or increase his rights pursuant to 11 U.S.C. § § 105 and 108. **See Matter of Tynan, 773 F.2d 177, 179( 7th Cir. 1985)** *("... § 362 of the Bankruptcy Code, the automatic stay provision, does not toll the running of the redemption period.)*[1]; **In re Lamont, 740 F.3d 397, 410(7th Cir. 2014)**(*"our*

---

[1] ***Tynan*** has been superceded by statute. *see In re Joseph, N.D. Ill. 93 B.R. 151 (1988).* ***Tynan*** was based upon Illinois statute at the time which provided that title to the real estate

*holding does not toll the redemption period. The redemption period expires when it expires.... All that is tolled is the tax purchaser's time to obtain a tax deed after the redemption period expires,...)*[2];

However, the Debtor asserts that if the Court finds the Debtor has no right of redemption, the Debtor is the fee simple owner of the Real Estate and possesses the right to pay the tax purchaser's secured lien claim over the term of his Plan pursuant to the bankruptcy code 11 U.S.C. § 1322 and § 1325.

The Debtor avers that as the fee simple owner of the Real Estate at the time of the petition, the Creditor only has a secured claim against the Real Estate which can be treated and paid over the term of the Plan. *See **In re Harlan, 580 B.R. 249 254-255 (Bankr.S.D.Ind. 2017),**( the debtor sought to use tax surplus funds to fund her chapter 13 plan. The Court found that under the current Indiana Statutes the debtor had no claim to the surplus since she had not been divested of her interest in the property. It is only upon the issuance of the tax deed that the debtor may then have an interest in the surplus upon which to make a claim).*

---

transferred upon the foreclosure sale and all that remained was the debtor's right of redemption after the foreclosure sale.

[2] Upon close reading of ***Lamont,*** the 7th Circuit does not states that the redemption period cannot be extended by the bankruptcy court. The court seems to elude to the fact that the bankruptcy court may allow redemption to occur by having the Trustee hold all of the funds and make one payment to the county or the creditor to satisfy the redemption amount with the county being responsible for the payment of interest as provided under the statute. To further bolster the Debtor's position that the Court has the authority to allow for redemption of the property over the term of the plan, the Debtor directs the Court to I.C. 6-1.1-24-6.4; "Distribution of proceeds of sale of certificates of sale; tax sale surplus fund; county auditor duty on assignment of certificate" which states:
Sec. 6.4.
....(d) **Unless the redemption period specified under IC 6-1.1-25 has been extended under federal bankruptcy law**, an amount deposited in the tax sale surplus fund shall be transferred by the county auditor to the county general fund and may not be disbursed under subsection (c) if it is claimed more than three (3) years after the date of its receipt.

Although the statute does not specifically provide authority for the extension of the redemption period, the statute implies that bankruptcy law may be used by the courts to extend the redemption period. Most courts have held that 11 U.S.C. § 108 may be used to extend the redemption period under I.C. 6-1.-25-4 by the sixty (60) days provided, the Indiana statute does not reference any cap to the extension that the court may grant under its equitable authority. The Debtor has not located any case law supporting this interpretation of the statute.

Under the cases, the Debtor argues that the Real Estate is subject to modification via 11 U.S.C. § 1322 which states:

> (b) Subject to subsections (a) and (c) of this section, the plan may--
> (1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated; however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims;
> (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;
> (3) provide for the curing or waiving of any default;
> (4) provide for payments on any unsecured claim to be made concurrently with payments on any secured claim or any other unsecured claim;

The Debtor avers that under the case law, Indiana statutes, and the bankruptcy code, he can pay the Creditor on his secured claim over the term of the Plan.

The *LaMont, supra,* case is instructive as to property of the estate and the interplay between tax sale redemption statutes and the bankruptcy code provisions as to property of the estate and modification of claim in Chapter 13 cases. Although the holding is based upon the debtor having filed his case prior to the expiration of the redemption period, the Seventh Circuit in *LaMont* found that the debtor could pay the tax purchaser's secured claim over the term of the plan and did not have to redeem the property as required under the statute.

The Seventh Circuit *In Lamont* held:

> [His] assertion that the full redemption amount must be paid in a lump sum before the redemption deadline—i.e., that a proper redemption must be made—is mistaken. The plan is treating his secured claim, *not* formally redeeming the property. The bankruptcy code provides that a Chapter 13 plan may modify a secured claim and pay it over the course of the plan. How a Chapter 13 plan operates in the tax sale context has been correctly explained by *In re Bates,* 270 B.R. at 465–66. Here, because the plan succeeded, Alexandrov's claim was satisfied—he no longer has any right to exercise the equitable remedy of obtaining a tax deed. The expiration of the redemption period did not affect the plan's treatment of Alexandrov's secured claim

except that, if the debtors had failed to comply with the plan, then his equitable remedy would have survived and he could have sought an order to issue a deed. *Id.* at 468–69. (*footnotes omitted*)

***In re LaMont*, 740 F.3d at 409.** As stated, the tax purchaser lost his *equitable remedy* (the right to obtain a tax deed) upon the payment of the secured claim through his confirmed plan. The tax purchaser does not have a substantive right to a tax deed but a equitable remedy if the debtor fails to complete his plan and pay the necessary amounts to satisfy the secured claim against the real estate. The Debtor maintains that the expiration of the redemption period prior to the filing of the petition does not alter the Debtor's right to the Real Estate nor does it change his ability to treat the secured claim of a tax sale purchaser in the Plan.

Although, the bankruptcy court in ***In re Leonard*, 2013 WL 2237520 (Bankr.S.D. Ind. 2013)** found that the debtors could pay tax sale purchaser's lien over the term of the plan despite the their failure to redeem before the redemption period expired. The debtors sought to enjoin the creditor from proceeding to obtain a tax deed due to the failure of the debtors to redeem the property within the statutory period. The tax sale purchaser objected to the treatment arguing that the debtors were limited to the 60 day extension of the redemption period pursuant to 11 U.S.C. § 108(b) and cannot use the bankruptcy to extend this period and/or toll the redemption time. The bankruptcy court in finding for the debtors held:

> 9. Again, the Court finds the *McKinney* and *Bates* opinions instructive as to this issue. Quoting *Bates,* the district court in *McKinney* noted that " 'nothing in § 108(b) transforms the extension of a non-bankruptcy right into a negation of bankruptcy rights specifically accorded elsewhere in the Code.' " *McKinney,* 380 B.R. at 522 (quoting *Bates,* 270 B.R. at 466) (citing *Moody v. Amoco Oil Co.,* 734 F.2d 1200 (7th Cir.1984), *cert. denied,* 469 U.S. 982, 105 S.Ct. 386, 83 L.Ed.2d 321 (1984))). In other words, § 108(b) and § 1322(b)(2) are not mutually exclusive Code provisions.

> 10. Halifax [tax sale purchaser]also argues that the Seventh Circuit's decision in *Matter of Tynan, 773 F.2d 177 (7th Cir.1985)* prevents Debtors from paying the redemption amount through their Plan.....
>
> 11. The Seventh Circuit held that the debtors were limited to the extension to the redemption provided by § 108(b). *Id.* at 179. In reaching that conclusion, the court emphasized that the debtors no longer owned the property after the sheriff's sale. *Id.* ("*[T]he* only property interest which the Tynans had in the real estate after the foreclosure sale was the right of redemption. When the Chapter 13 petition was filed, the statutory right of redemption was an asset that passed to the trustee.... The real property sold at the sheriff's sale did not become part of the estate.").
>
> 12. As previously explained, Mrs. Leonard, along with her sisters, still owned the Property as of the Petition Date under Indiana's tax sale scheme, while Halifax held nothing more than a lien. As such, *Tynan* is readily distinguishable.
>
> 13. Halifax also argues that allowing Debtors to pay the redemption amount pursuant to 11 U.S.C. § 1322(b)(2) is "stretching too far beyond rights afforded under state law and too far beyond the remedies permitted under bankruptcy law." The Court disagrees. The Code, in any number of respects, upsets creditors' commercial expectations under nonbankruptcy law. For instance, the Code allows a debtor to avoid a wholly unsecured subordinate mortgage, to "cram down" the amount to be paid to certain secured creditors, and to reject unexpired leases and executory contracts. Allowing a debtor to pay the redemption amount over time through a Chapter 13 plan, then, is hardly shocking when viewed in light of the other tools at a debtor's disposal in bankruptcy....
>
> 16. Based upon the foregoing, the Court holds that Debtors may pay Halifax the redemption amount - plus an appropriate interest rate through their plan

***In re Leonard, supra at pp 4-5***. As in ***Leonard***, the Debtor treats the secured claim of the Creditor/tax sale purchaser in his Plan by paying the claim over the term of the Plan. The Debtor's Plan calls for the payment of the secured claim in the amount of $3,548.41 at 5% interest. The modification of secured claims is often done in reorganization to allow the debtor to cure defaults

Page 9

and/or reduce secured claims to the fair market value paying the secured amount over the term of the plan. As long as the property is property of the estate, the Debtor opines that he is allowed to treat the claim as he would any other secured claim in property of the estate.

A case similar to the facts in this matter is ***In re Robinson, 577 B.R. 294(Bankr.N.D.Ill 2017)***. In ***Robinson***, the debtor filed for Chapter 13 bankruptcy relief one day prior to the expiration of the redemption period. The debtor's case was dismissed and refiled one day after the dismissal. The tax sale purchaser filed a motion for relief from the stay. The bankruptcy court stated:

> The central question here, whether the Tax Purchaser is entitled to relief from stay under section 362(d) of the Bankruptcy Code, is inextricably intertwined with the much-beleaguered Illinois tax purchase system. That system is set forth at length in an earlier opinion of the court. *In re Bates*, 270 B.R. 455, 459–61 (Bankr. N.D. Ill. 2001) (Wedoff, J.). *Bates* provides so much detail, in fact, that setting it forth herein would more than double the length of this opinion. *Bates*, however, is no longer good law on the central point here, as discussed below. Three fairly recent decisions by the Seventh Circuit Court of Appeals dictate a different result. See *Smith v. SIPI, LLC (In re Smith)*, 811 F.3d 228 (7th Cir.) ("*Smith II*"), cert. denied ⎯ U.S. ⎯, 137 S.Ct. 103, 196 L.Ed.2d 40 (2016); *In re LaMont*, 740 F.3d 397 (7th Cir. 2014); *Smith v. SIPI, LLC (In re Smith)*, 614 F.3d 654 (7th Cir. 2010) ("*Smith I*").
>
> These cases make clear that the passing of the redemption period is not a material event as it relates to the rights in question. A debtor whose period for redeeming taxes sold in Illinois has passed prior to commencing his or her case may nonetheless treat those taxes under a chapter 13 plan if a tax deed has not yet issued and recorded....

***Id. at 299.*** The court went on to analyze ***Bates, Smith I, Smith II, and LaMont*** before reaching its conclusion that the debtor had the right to treat the secured claim of the tax sale purchaser over the term of the plan despite the running of the redemption period prior to the petition date. The court stated:

> While *Bates* surely rested on solid ground when it was issued, it is the court's decision that it no longer does so. *Bates* did not have the benefit of the Seventh Circuit's subsequent reasoning in *Smith I*, *Smith II* and *LaMont*.

B. *Smith I*, *Smith II* and *LaMont*

Page 10

>   As noted above, under the reasoning set forth in *Bates*, courts in this and other jurisdictions have treated the passing of the redemption period prior the commencement of a bankruptcy as a bar to treating a tax purchaser's claim in a bankruptcy plan. *See, e.g.*, <u>In re McKinney, 341 B.R. 892, 895 (Bankr. C.D. Ill. 2006)</u> ("[T]he [*Bates*] court opined that had the petition been filed before the redemption period expired, the tax buyer would have held a 'claim' that could have been modified and paid in the plan. The [*Bates*] court's analysis is logical and quite thorough and the *Bates* opinion has become the battle flag of debtors who contend that a tax buyer's claim may be modified in Chapter 13."), *aff'd sub nom.* <u>Salta Grp., Inc. v. McKinney, 380 B.R. 515 (C.D. Ill. 2008)</u>.....
>
>   As noted above, the parallel between tax sales and foreclosures has driven in many ways the analysis of the courts. Unlike in foreclosures where the interests after sale are ministerial, <u>Goldberg, 773 F.2d at 179</u>, the interests of a debtor after the tax sale but before the issuance of a tax deed are anything but. The <u>Smith I</u> and <u>Smith II</u> cases help draw that distinction....

***Id. at 301.*** The Court in ***Robinson*** went on to discuss Seventh Circuit's decision in <u>Smith I</u> in light of the decision issued in *Bates*:

>   In considering the issue, the Seventh Circuit—as did the court in *Bates*—looked at the nature of property rights under the Illinois tax sale procedures. <u>*Id.* at 658–59</u>. Unlike in *Bates*, however, the Seventh Circuit concluded that the meaningful transfer did not occur at the close of redemption period, but rather when the tax deed was recorded. As the panel in <u>Smith I</u> stated:
>
>>   The tax sale of the debtor's property only entitles the taxbuyer to a certificate of purchase, <u>35 ILCS 200/21–250</u>, which "has no effect on the delinquent property owner's legal or equitable title to the property," <u>In re Application of County Treasurer, 394 Ill. App. 3d 111, 333 Ill.Dec. 346, 914 N.E.2d 1158, 1165 (2009)</u> (citation omitted). *It is not until the expiration of the debtor's redemption period and issuance of the tax deed that the taxbuyer acquires title and the right to be placed "in possession of the property."* <u>35 ILCS 200/22–40(c)</u>.... *These statutes make clear that it is the recording of the tax deed, not the earlier expiration of the redemption period, that marks the "perfection" of the taxbuyer's interest against a "bona fide purchaser."* <u>11 U.S.C. § 548(d)(1)</u>.
>
>   <u>*Id.* at 658–59</u> (emphasis added). "[A]fter the expiration of the redemption period but before the issuance and recording of the tax deed, the debtor retains significant ownership rights while the taxbuyer acquires only a contingent right to a tax deed." <u>*Id.* at 660</u>. For that reason, the Seventh Circuit concluded that mere issuance of a certificate of purchase was not the date of transfer for avoidance purposes, reversing the dismissal and remanding for the bankruptcy court to conduct the adversary proceeding. <u>*Id.*</u>.....

*Id. at 301-302.* The ***Robinson*** court makes clear because there had been no transfer of property the debtor was entitled to treat the secured lien claim in the bankruptcy. In this instance, under Indiana Statutes, the issuance of the tax deed (the final step in the tax sale process) is more than a "ministerial" act. Therefore, the Real Estate could be treated in the Debtor's Plan. The ***Robinson*** court analyzed the ***LaMont, supra,*** decision in light of the current facts in its case:

> ...C. The Case at Bar and Redemption Revisited
> While <u>LaMont</u> concluded that, if a bankruptcy case is commenced prior to the running of an applicable redemption period a debtor may treat a property on which taxes had been sold under a chapter 13 plan, thus affirming <u>Bates</u>'s holding in this regard, it did not reach the question not before it then but before this court today: May a debtor, if a case is commenced *after* the running of an applicable redemption period, treat a property on which taxes had been sold under a chapter 13 plan?
>
> <u>Bates</u> said no and <u>LaMont</u> reserved on this issue, stating "[t]he circumstances may be similar in the tax sale context when a debtor files a bankruptcy petition *after* the redemption deadline has passed, ... but the circumstances are different if the petition is filed while time remains to redeem." <u>LaMont, 740 F.3d at 406</u> (*citing* <u>Bates, 270 B.R. at 469–70</u>).
>
> The Tax Purchaser here would have the court put great stock in the wording of that reservation. While it is true, the wording seems to imply that the Seventh Circuit believes there is a difference, the court sees the language above as nothing more than the Seventh Circuit reserving on an issue not before it. Had it said more, it would have been *dicta*, and *dicta* can cause trouble for all concerned.***(Footnote omitted)***
>
> So that question is left for this court to determine, and the answer is, in this court's view, readily apparent in light of <u>Smith I</u>, <u>Smith II</u> and <u>LaMont</u>....
>
> <u>Smith I</u>, <u>Smith II</u> and <u>LaMont</u>, however, make it clear that the debtor's rights with respect to the property are not substantively affected by the running of that[redemption] period. In <u>Smith I</u>, the Seventh Circuit stated that "after the expiration of the redemption period but before the issuance and recording of the tax deed, the debtor retains significant ownership rights while the taxbuyer acquires only a contingent right to a tax deed." <u>Smith I, 614 F.3d at 660</u>. In <u>Smith II</u>, the Seventh Circuit affirmed a right of the debtor not previously under consideration, the right to

> seek avoidance of a tax sale as constructively fraudulent. *Smith II*, 811 F.3d at 238. Finally, in *LaMont*, the Seventh Circuit confirmed that the debtor retains both legal and equitable title in the property prior to the recording of a tax deed. *LaMont*, 740 F.3d at 406. That property is property of a debtor's estate under section 541 and thus is eligible for treatment under section 1322. 11 U.S.C. § 1322(b)(8) & (9).
>
> On the other hand, rights of a tax purchaser have been, if anything, diminished. Not only is that tax purchaser now subject to potential fraudulent conveyance actions *even if* the sale was conducted in accordance with Illinois law, *Smith II*, 811 F.3d at 238, but a tax purchaser is clearly now a holder of a claim that may be treated under a plan. *LaMont*, 740 F.3d at 406–09. Further, such tax purchaser may be denied stay relief in favor of a plan that treats that claim. *Id.* at 410. Further still, the treatment of that claim is not a redemption. As the Seventh Circuit stated, "[t]he plan is treating his secured claim, *not* formally redeeming the property." *Id.* at 409. This is directly contrary to *Bates*'s determination on this point, and that determination was central to *Bates*'s holding.
>
> **It is clearly not, therefore, the running of the redemption period alone that is the tipping point of the parties' rights here. The running of the redemption period is not meaningful as to a debtor's rights under 11 U.S.C. § 1322. Instead, it is the obtaining and recording of the tax deed. (*emphasis added*).** As the Seventh Circuit stated, "[t]hese statutes make clear that *it is the recording of the tax deed, not the earlier expiration of the redemption period*, that marks the 'perfection' of the taxbuyer's interest." *Smith I*, 614 F.3d at 659 (emphasis added); *cf. McKinney*, 341 B.R. at 897–98. As the Seventh Circuit made clear, "[t]he redemption period expires when it expires." *LaMont*, 740 F.3d at 410. Until a tax deed is issued and recorded—and the issuance such a tax deed may not occur without stay relief, *id.* (tax purchaser's "attempt to obtain a tax deed is an act to obtain possession of property of the estate and to enforce his lien for taxes. It is therefore properly forbidden by the stay.")—a debtor may treat both its property and a tax purchaser's claim in his or her bankruptcy. *Id.* So long as a tax deed has not been issued and recorded, the plan may address both the property and the claim....
>
> ....Here it appears clear that, even taking into account possible tolling arguments relating to the Debtor's prior case, the redemption period ran at some point prior to the Petition Date. Because that is not meaningful to the question before the court, it is not necessary to make a finer determination. *(footnote omitted)*. Under these circumstances, the Debtor may treat the Tax Purchaser's claim and the Property under her plan.

**Id. at 304-306.** Just as the debtor in ***Robinson***, the redemption period had expired at the time of the Debtor's petition, but the tax deed had not been issued. The Debtor argues as the title holder of

the Real Estate he is permitted to treat the claim of the tax sale purchaser in his Plan.

## CONCLUSION

There is a distinction between redemption and treatment and modification of a secured claim which is allowed under the bankruptcy code. The Debtor agrees that he may not be able to redeem the Real Estate under state statute which deadlines cannot be extended upon the filing of his petition except under 11 U.S.C. § 108 and which is contemplated by the Indiana Statute,[3] but the bankruptcy code does allow treatment of the secured claim of the tax sale purchaser. However, the Debtor maintains that he is entitled to treat the secured claim of the tax sale purchaser in his Plan because the Real Estate is property of the bankruptcy estate.

Under Indiana tax sale statutes, the act of obtaining a tax deed requires more than a ministerial act at the termination of the redemption period. The statute requires the State Court hold a hearing and submission of evidence establishing all provisions/notices have been complied before a tax deed is issued.

At the time of the filing of the petition, the hearing on the Creditor's Verified Motion for Tax Deed had not occurred. Since the hearing is a necessary step before the Creditor is entitled to a tax deed, the Real Estate had not been transferred to the Creditor at the time of the petition. As such, the Real Estate is property of the bankruptcy estate.

Although at the time of the petition the Debtor may not be able to redeem the Real Estate,

---

[3] I.C. 6-1.1-24-6.4; "Distribution of proceeds of sale of certificates of sale; tax sale surplus fund; county auditor duty on assignment of certificate" which states:
Sec. 6.4.
....(d) **Unless the redemption period specified under IC 6-1.1-25 has been extended under federal bankruptcy law**, an amount deposited in the tax sale surplus fund shall be transferred by the county auditor to the county general fund and may not be disbursed under subsection (c) if it is claimed more than three (3) years after the date of its receipt.

Page 14

this does not prohibit him from treating the secured claim of the Creditor. The Creditor obtained a purchaser's lien on the Real Estate when he purchased the tax lien. *I.C. 6-1.1-24-9.* The tax lien gave the Creditor a claim in the Debtor's bankruptcy. The Creditor filed a secured claim in the this case seeking payment based upon his tax sale purchaser's lien. The Debtor's Chapter 13 Plan provided for the secured claim to be paid over the term of the Plan. This treatment of the tax purchaser's lien is allowed pursuant to 11 U.S.C. § 1322 and § 1325 of the bankruptcy code.

The Debtor avers that the current case law in the Circuit (*LaMont, Robinson, Leonard, and Harlen*) all support his position that although the redemption period may have lapsed at the time of the petition, the lapse does not effect his right to modify the claim of the Creditor pursuant to 11 U.S.C. § 1322 and § 1325.

Respectfully submitted,

**MATTHEW JOSEPH LAUDIG**

_____
RICARDO CASAS, ATTY. FOR DEBTOR
6949 KENNEDY AVENUE
HAMMOND, IN 46323
Phone (219)845-1122