**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MATTHEW LAUDIG | ) | **CASE NO.: 19-22676** |
| Debtor. | ) | **Chapter 13** |

### BRIEF OF BRIAN HECIMOVICH

Pursuant to this Court's Order, dated April 16, 2020 (Docket Entry 79), Creditor Brian Hecimovich makes and submits his brief in support of Motion to Lift Stay filed January 28, 2020 (Docket Entry 40).

### PROCEDURAL BACKGROUND

Creditor is the owner/holder of a Tax Sale Certificate, issued by Lake County Indiana officers as the result of a Commissioners' Tax Sale, held March 21, 2019.

At the commencement of this case, the time period for redemption had expired. There was no redemption. The Chapter 13 bankruptcy case was filed/commenced the date before Creditor's Petition for Order Directing Issue of Tax Deed was to be heard in Lake County Circuit Court.

### RELEVANT FACTS

The singular dispositive fact in this case is:

There was no redemption prior to the expiration of the Indiana state law redemption time, July 19, 2019. The state law redemption period had expired, and was expired for over 60 days, prior to Debtor's filing Chapter 13 on September 25, 2019.

### DISCUSSION/LEGAL AUTHORITY

This Court addressed a similar, almost identical factual scenario, in _Re Weathersby_ (Bankr. N.D. Ind. 2012) (unpublished opinion, Hon. K. Lindquist, Case No.: 12-23347). In _Weathersby_, the Debtor commenced their Chapter 13 _prior_ to the running of the Indiana state redemption period; albeit three weeks prior to the expiration date. This Court granted Creditor's Motion to Lift Stay in _Weathersby_ (allowing the tax sale certificate holder to proceed in state court to obtain a tax deed).

The key controlling legal conclusion in _Weathersby_ was "the Debtor's statutory right to redeem has been irrevocably and completely lost." In _Weathersby_ Debtors' redemption rights (i.e. property interest) at least existed at the commencement of the case, and then were 'irrevocably and completely lost' shortly after Debtor's filing.

In the present case, Debtor's property right (i.e. redemption rights) had already been 'irrevocably and completely lost', over 2 months prior to his filing Chapter 13.

This Court's ruling – granting creditor's motion to lift stay to allow creditor to obtain a tax sale deed – is even more compelling in the present case.

The Court in _Re Harlan_ (Bankr. S.D. Ind. 2017) 580 B.R. 249 dealt with a factually similar case as to that before this Court in _Weathersby_. In _Harlan,_ Debtor filed Chapter 13 "days" before expiration of the redemption period. The _Harlan_ Court stressed. Nothing in _La Mont_ infers the Bankruptcy Code pre-empts the Indiana state tax sale statute. A Debtor who does not redeem within the statutory period …. Loses the right to redeem under Indiana tax statute. (_Harlan_ at 257, 258). _Harlan_ also described what Debtor Laudig has in property rights on the petition date: 1) exercise the right of redemption before July 19, 2019; or, 2) allow the "six month" redemption period to expire, divest herself of the property, and claim any tax sale surplus. (_Harlan_ at 258).

Unfortunately, for Debtor Laudig, two (2) plus months prior to the commencement of this case, he completely and irrevocably lost option 1. At the commencement of this case, Debtor Laudig's property rights, as defined by Indiana law, did not include the right of redemption.

Of course, this Court must take notice of, reconcile and follow the Seventh Circuit determination of a similar "tax sale" Chapter 13 case. _La Mont_ (7th Cir. 2014) 740 F.3d 397 dealt with similar facts; however, it was applying Illinois state law. More importantly, _La Mont_ factually involved a Chapter 13 filing before the Illinois redemption period expired. "When an Illinois property owner who owes delinquent tax files for Bankruptcy prior to the redemption date, his interest in the property (including the right of redemption) passes to the bankruptcy estate." (_La Mont_ (N.D. Ill. 2012) 487 B.R. 488, 495 and _La Mont_, 740 F.3d at 406)

The Seventh Circuit dealt with _Re Tynan_ (7th Cir. 1985) 773 F.2d 177, 179 as it applies to tax sale certificate holders. The Seventh Circuit held, when a debtor files bankruptcy _after_ the redemption deadline has passed, under those circumstances, it is appropriate to lift the automatic stay so that the [tax certificate] purchaser may pursue the ministerial steps to obtain legal title to the property. (_La Mont_, at 405-406)

This Court, in _Weathersby_, and the Seventh Circuit, in _La Mont_, correctly analyzed the law, and the state law; if the redemption period under state law has expired prior to the Chapter 13 filing, Creditor Hecimovich's Motion to lift stay should be granted.

Brian Hecimovich
Creditor

By: /s:/ Kenneth A. Manning
    Kenneth A. Manning (9015-45)
    Manning & Mouratides, P.C.
    Attorney for Creditor
    120 West Clark Street
    Crown Point, Indiana 46307
    Phone: (219) 865-8376
    E-mail: trusteemanning@gmail.com

**CERTIFICATE OF SERVICE**

I, hereby certify that on June 11, 2020, service of a true and complete copy of the above document was served by:

**Electronic mail service pursuant to Court's CM/ECF system:**
United States Trustee – USTPRegion10.SO.ECF@usdoj.gov
Paul Chael, Chapter 13 Trustee – paul@pchael13.com
David Blaskovich – dave@lawdmb.com
Ricardo Cases – ricardorbc@aol.com
**By U.S. Mail First Class Postage Prepaid:**
Matthew Joseph Laudig, 8374 Aster Drive, Apt. 3B, Merrillville, IN 46410

/s/ Kenneth A. Manning
Kenneth A. Manning