IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

IN RE:                          )
                                )
MATTHEW LAUDIG                  )    CASE NO.: 19-22676
    Debtor.                     )    Chapter 13

## CREDITOR BRIAN HECIMOVICH'S ANSWER/REPLY BRIEF

Creditor Brian Hecimovich replies to Debtor's Memorandum, filed June 10, 2020 (Docket Entry 81).

Debtor's core argument, and basis, is that there is a distinction between redemption and modification, under 11 U.S.C. 1322(b)(2) and 11 U.S.C. 1325. The argument follows that title does not pass until redemption period expires and until execution of tax deed. Therefore, §1322(b)(2) allows for treatment and payment over the life of a Chapter 13 Plan.

Bankruptcy Courts addressing this issue under Indiana law have not decided the issue, with facts, as are before this Court. ("There are no cases where a pre-petition tax sale occurred, no redemption before the expiration of the redemption period, a Chapter 13 is filed after redemption period expires"; _Dempsey vs. Auditor Marion County_ (Ind. App. 2007) 871 N.E. 2d 1031, 1035.

All bankruptcy cases addressing the tax sale certificate holder's "claim" under Indiana law have dealt with a Chapter 13 case filed before the applicable Indiana redemption period expired. (_Rajaski_ (Bankr. N.D. IN. 2011) 2011 Bankr. Lexis 3191 (one week); _Re Leonard_ (Bankr. S.D. IN. 2013) 2013 Bankr. Lexis 41 (3 months); _Re Pridemore_ (Bankr. S.D. IN. 2013) 2013 Bankr. Lexis 5798 (1 weeks), _Re Hazel_ (Bankr. S.D. IN. 2016) 2016 Bankr. Lexis 655 (4 days); _Re Harlan_ (Bankr. S.D. IN. 2017) 580 B.R. 249) (4 days).

It is Indiana state law that governs and defines property rights of Debtor. Except when the bankruptcy code specifically provides otherwise, the Bankruptcy Court must apply Indiana's state law. (*Re Jafari* (7th Cir. 2009) 569 F.3d 644, 648; see also, *Re Northington* (11th Cir. 2017) 1302, 1310; expiration of the redemption period is conclusive, and debtor loses rights to the property).

It is axiomatic, and follows, §1322(b)(2) has no application if the Debtor has no rights to the property. *La Mont*, at 401, was clear "once the redemption period has run, the debtor cannot redeem the property. Where the debtor files Chapter 13 after the redemption deadline has passed, under those circumstances, it is appropriate to lift the stay so the tax certificate purchaser may pursue ministerial steps to obtain legal title to property that he already has the right to own. (*La Mont*, at 406)

The focus is not the technical status of the parties but the consequences to the debtor for non-payment of the required redemption prior to the expiration of the redemption period. (*Re Leonard*, supra) In the present case it is stipulated there was no redemption, the redemption period had expired, and there was no intervening Chapter 13 before expiration of the redemption period. And, Creditor Hecimovich, as tax sale certificate holder, had tendered the tax sale certificate by way of his petition for issuance of tax deed.

It is Indiana state law that defines and details the property rights debtor had, and held, on the day the Chapter 13 was filed. (*Re Jafari*, supra, 648) Indiana law has interpreted Debtor's property rights. (*Smith vs. Breeding* (Ind. App. 1992) 586 N.E. 2d 932, 937; 'the tax sale certificate does not convey title, but merely creates a lien in favor of the certificate holder. …When the period of redemption expires the purchaser acquires title to the land by tendering the tax sale certificate in exchange for the tax sale deed. And, Indiana law clearly provides the period

of redemption cannot be extended; the court does not have discretion to extend this property right by extending the redemption period. (*Re 2002 Lake County Tax Sale* (Ind. App. 2004) 818 N.E. 2d 505, 507-509). The Seventh Circuit made clear "once the redemption period has run, the property owner/debtor cannot redeem the property." (*La Mont*, at 401) The Seventh Circuit, in *La Mont*, held when the Chapter 13 is filed prior to expiration of the redemption period, the tax sale purchaser's claim can be treated and modified under a Chapter 13 plan; however, once the redemption period expires before the Chapter 13 is filed, the debtor can only redeem, and treat the tax sale purchaser's claim in a plan, with the Creditor's consent and agreement to extend. (*Re Thompson* (Bankr. N.D. ILL. 2020) 2020 Bankr. Lexis 127.

What does Indiana say about the property rights of debtor? Admittedly, case law in Indiana refers to the tax sale certificate holder as lien rights. The property owner, even after, tax sale, can sell, transfer and assign. But, Indiana limits this title and ownership to ownership and transfer before the expiration of the redemption period. (I.C. 32-21-8-7; I.C. 6-1.1-25-1)

It is noteworthy Indiana state law was specifically changed. I.C. 6-1.1-25-1 was specifically amended to require redemption prior to expiration of the one-year (or 120 day) redemption period. A delinquent taxpayer debtor no longer has the option (<u>i.e.</u> property right) to redeem after the expiration of the redemption period, but before the issuance of the tax deed. (*2002 Lake County Tax Sale*, at 508)

*La Mont*, and several cases from Illinois, applied an Illinois state law. But, when the property owner files for bankruptcy <u>prior</u> to the redemption date, his interest in the property, <u>which includes right of redemption</u>, passes to the bankruptcy estate. (*GAN B, LLC vs. Sims* (N.D. ILL. 2017) 575 B.R. 375, 379) It is at this point, commencement of the case, that Illinois law,

3

and Indiana, law provides, and defines the tax sale certificate holder as lien rights and claims. (*GAN B, LLC*, 379)

But the property rights, under Indiana law, and consequently under Bankruptcy law, changes once the redemption period expires. As of the petition date, debtor Laudig, under Indiana's tax sale statutes, has 2 options: 1) exercise the redemption on, or before July 19, 2019, or 2) allow the redemption period to expire without redemption and then make claim to the surplus funds of $223.10 under I.C. 6-1.1-24-7. Subsection (f) – namely redemption period extended under federal bankruptcy law – applies only to a claim for surplus fund. (*Re Thompson*, supra FN2)

Unfortunately, Debtor Laudig unequivocally lost his option #1 before he filed Chapter 13 bankruptcy. (*Harlan*, at 258-259) As a result, Debtor's estate herein does not include the right of redemption, or treatment under §1322.

As this court noted in *Weathersby*, the filing of bankruptcy does not expand or change the debtor's interest in an asset; the asset/property comes into the bankruptcy estate with the same restrictions and limitations that exist at the commencement of the case. Likewise, Indiana creates, defines Creditor's tax sale certificate rights and claims.

Because of the facts presently before the Court, namely, redemption period expired well before Chapter 13 filed, and Indiana law provides redemption rights are unequivocally lost; the only way Debtor's position is sustainable is to "unbundle" his property rights in the property. Debtor's argument is to break up Creditor's rights and privileges into "several" claims. However, it is contrary to Indiana state law that substantively defines property rights and creditors claims.

Indiana law clearly provides only a single person can hold, assert a tax sale certificate lien. And of that lien is the redemption amount the main part and basis and time period. It is a single lien and claim.

If, as in *La Mont*, Debtor Laudig commenced his Chapter 13 before the redemption expired, and came into bankruptcy with at least 1, 2, 3, etc. days of redemption property rights, has may have rights and claims to treat under §1322. He did not! There's no claim existing to treat under §1322. Any such attempt is contrary to Indiana substantive law. Creditor's entitlements in bankruptcy arise from the underlying state substantive law. The Bankruptcy Code, and the bankruptcy Court equitable powers, do not give "free" hand to re-write substantive rights of creditor claims. (*Raliegh vs. Illinois Department of Revenue* (2000) 53 U.S. 15)

Creditor's Motion to Lift Stay should be granted.

        Brian Hecimovich
        Creditor

By: /s:/ Kenneth A. Manning
    Kenneth A. Manning (9015-45)
    Manning & Mouratides, P.C.
    Attorney for Creditor
    120 West Clark Street
    Crown Point, Indiana 46307
    Phone: (219) 865-8376
    E-mail: trusteemanning@gmail.com

**CERTIFICATE OF SERVICE**

I, hereby certify that on June 15, 2020, service of a true and complete copy of the above document was served by:

**Electronic mail service pursuant to Court's CM/ECF system:**
United States Trustee – USTPRegion10.SO.ECF@usdoj.gov
Paul Chael, Chapter 13 Trustee – paul@pchael13.com
David Blaskovich – dave@lawdmb.com
Ricardo Cases – ricardorbc@aol.com
**By U.S. Mail First Class Postage Prepaid:**
Matthew Joseph Laudig, 8374 Aster Drive, Apt. 3B, Merrillville, IN 46410

        /s/ Kenneth A. Manning
        Kenneth A. Manning