IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| MATTHEW JOSEPH LAUDIG | ) | CASE NO.   19-22676 |
| | ) | CHAPTER  13 |
| Debtor(s) | ) | |

## DEBTOR'S REPLY BRIEF

The Debtor, by counsel, files his Memorandum in Support of his Response to Creditor's, Brian Hecimovich, Objection to Confirmation of Chapter 13 Plan and Motion for Relief from Stay.

## ARGUMENT

There is no dispute that the Debtor is still the fee simple owner of the Real Estate as of the date of the petition and that the Creditor only possesses a purchaser's lien on the real estate and is not the title holder.  Until the issuance of the tax deed, the holder and owner of the real estate remains the Debtor.  The Creditor has taken the position that the Debtor does not have the right to redeem the Real Estate.  In support of his position, he cites, *In re Weatherby, In re Tynan, In re Lamont, and In re Harlan*.  However, the Debtor is not asserting his right to redeem, but his right as the fee simple owner to treat the secured claim of the Creditor via its purchaser's lien under *I.C. § 6-1.1-24-9(b)*.  His right to redeem has lapsed, but his right to treat the secured claim in a Chapter 13 pursuant to 11 U.S.C. § 1322 is independent and separate from the right to redeem under State law.

The Creditor cites *In re Weathersby*, unpubl. opinion, Hon. Judge Lindquist Case No. 12-23347(Bankr.N.D.Ind. 2012) in support of his position that the Debtor has lost his right to treat the Creditor's tax lien in his Plan.  The *Weathersby* decision was issued prior to the Seventh Circuit's

opinion in ***In re Lamont, 740F.3d 407 (7thCir. 2014)***, and this Court relied upon the Seventh

Circuit's decision ***In re Tynan, 773F,2d 177 (7th Cir. 1985)*** which was the controlling precedent

at the time of the decision.

    The ***Tynan*** decision was based upon the Illinois foreclosure statute which provided that the

redemption period is not tolled by the filing of the bankruptcy and that the debtor no longer had any

interest in the real estate on the date of the bankruptcy petition.  The holding in ***Tynan*** discussed

§108 of the Code, and its interplay with the Illinois statute regarding redemption.  The Court found

because the Illinois foreclosure statute provided that upon the judgment of foreclosure being entered

there was no property interest that the debtor had besides the right of redemption, the debtor could

not  cure any default owed to the mortgagor over the term of the plan.  ***Tynan, supra at 178.***  The

***Tynan*** decision was superceded by the revisions to the Illinois foreclosure statute.  The bankruptcy

court in ***In re Josephs, 93 B.R. 151 (Bankr.N.D.Ill. 1988)*** found that the revised foreclosure statute

would alter the holding in ***Tynan.***  The  Josephs' bankruptcy was filed before the expiration of the

redemption period, but prior to the issuance of the foreclosure deed.  The court in ***Josephs*** stated:

>     On appeal, the fundamental question presented is whether the bankruptcy
> court properly held that Josephs' right to cure default under § 1322(b)(5) was not cut
> off by the entry of foreclosure judgment or by the running of the redemption period.
> ...
>     Two Seventh Circuit cases, *In re Clark,* 738 F.2d 869 (7th Cir.1984), and *In
> re Tynan, supra,* provide the framework for analyzing this issue. ...
>     These two cases establish several principles which guide the court's ruling in
> this case. First, the cut-off point at which a Chapter 13 debtor loses her right to cure
> default pursuant to § 1322(b)(5) varies depending on the applicable state mortgage
> foreclosure law. *See Tynan,* 773 F.2d at 179 (holding Clark "inapposite because it
> arose under Wisconsin law"). Secondly, the point in the state mortgage foreclosure
> process at which the mortgagor loses her right to cure default is where the mortgage
> ceases to exist. *Id.* at 178. Thirdly, to determine the point at which the mortgage is
> extinguished, the court should determine whether title has passed to the mortgagee
> or title has remained in the mortgagor, with the mortgagee retaining a lien on the
> mortgaged property. *Id. See also Clark,* 738 F.2d 871.

Applying these principles to the instant case, this court affirms the bankruptcy court's ruling that Josephs' right to cure has not been cut off. Under the IMFL, the mortgagor retains title to the property after foreclosure judgment is entered. *See* IMFL §§ 15–1207(c) & 15–1506(i). Judgment of foreclosure only creates a judicial lien in favor of the mortgagee; it does not cause title to pass to the mortgagee. *Id.* ... Title does not pass to the mortgagee until the passing of the redemption period, the execution of the judicial sale, and the entry of an order confirming the sale. IMFL §§ 15–1508 & 15–1509. Under these circumstances, *Clark* dictates that Josephs' right to cure under § 1322(b)(5) of the Code survives until judicial sale of the mortgaged property. Since such sale has not yet occurred, Josephs has the right to cure. ...Therefore, its motion to modify the stay based on § 362(d) was properly denied.

*Id. at 154-155.*

While the Seventh Circuit's holding that the redemption period is not tolled by the bankruptcy is still good law, the issue of whether a debtor still possesses an interest in property that can be treated in a Chapter 13 independently from the right to redeem has be answered by the Seventh Circuit in *In re Lamont, 740 F.3d 407 (7ᵗʰ Cir.2014)*.

In ***Lamont*** , the debtor's real estate was sold at tax sale prior to the filing of the bankruptcy petition, but the time for redemption had not yet expired under Illinois law.  The issue presented on appeal was whether the tax sale purchaser had a claim against property of the debtor which could be treated in the bankruptcy.

The tax purchaser in ***Lamont*** was asserting that the redemption period had expired because the debtor's plan provided for payments to the county over time and not in a lump sum. The Seventh Circuit found that the creditor had a secured claim against the real estate that could be treated over the term of the debtor's plan.  The Seventh Circuit stated:

...assertion that the full redemption amount must be paid in a lump sum before the redemption deadline—i.e., that a proper redemption must be made—is mistaken. The plan is treating his secured claim, *not* formally redeeming the property. The bankruptcy code provides that a Chapter 13 plan may modify a secured claim and pay it over the course of the plan.  How a Chapter 13 plan operates in the tax sale context has been correctly explained

by *In re Bates,* 270 B.R. at 465–66. Here, because the plan succeeded, Alexandrov's claim was satisfied—he no longer has any right to exercise the equitable remedy of obtaining a tax deed. The expiration of the redemption period did not affect the plan's treatment of Alexandrov's secured claim except that, if the debtors had failed to comply with the plan, then his equitable remedy would have survived and he could have sought an order to issue a deed. *Id.* at 468–69. (***footnotes omitted***)

***In re Lamont, 740 F.3d at 409.*** The ***Lamont*** case makes it clear that there is a difference between redeeming and treating a secured claim under the bankruptcy code. The holding of ***Weathersby*** is correct in finding that the bankruptcy court cannot alter the time frame for redeeming the real estate provided under Indiana Statute other than that provided by 11 U.S.C. § 108. But, based upon the Seventh Circuit's opinion in ***Lamont,*** the bankruptcy court can allow the debtor to treat/modify the tax purchaser's lien claim under 11 U.S.C. § 1322 despite the running of the redemption period as long as the debtor retains an interest in the real estate.

Despite the Seventh Circuit's holding in ***Lamont***, the Creditor asserts that the Debtor had only two options 1) exercise the right of redemption before July 19, 2019; or, 2) allow the "six month" redemption period to expire, divest himself of the property, and claim any tax sale surplus. (Creditor's Brief, p.2, *citing In re Harlan,50 B.R. 249, 258(Bankr.S.D.Ind. 2017)*). What the Creditor fails to acknowledge is that in ***Harlan*** the debtor sought to use the tax surplus to fund her plan which the court found she was not entitled to the surplus because she still held title to the real estate. The court did not hold that the debtor was not entitled to modify the tax sale purchaser's lien under § 1322. The ***Harlan*** court stated:

*Lamont* determined that the tax purchaser's interest was indeed in the nature of a "claim" which could be modified in a chapter 13 plan. It did not involve a tax surplus fund and certainly did not hold that the bankruptcy code trumped the Illinois property tax statute.

The tax sale purchaser's interest is not so amorphous under Indiana law. I.C. § 6–1.1–24–9 provides that the tax sale purchaser acquires a lien on the property for the entire amount paid upon the issuance of a certificate of sale. Given this express provision, bankruptcy courts in this district have had little difficulty in determining that the purchaser's lien is a "claim" that can be modified

under § 1322(b). *In re Hazel*, No. 15–8273–RLM–13, slip op. at 6 (Bankr. S. D Ind. January 7, 2016); <u>*In re Leonard*, Adv. Pro. 12–59031 2013 WL 2237520 (Bankr. S. D. Ind. January 3, 2013)</u>; *In re Pridemore*, No. 12–91863–BHL–13, slip op. at 6 (Bankr. S. D. Ind. January 9, 2013). Nothing <u>*Lamont*</u> or the cases from this district remotely infers that the bankruptcy code preempts the state tax sale statute. <u>*Lamont*</u> was careful to not conflate the parties' rights under the state statute with those under § 1322(b). If anything, <u>*Lamont*</u> suggests that the rights under the tax statute and the rights under § 1322 are separate and distinct and unfold on their separate, but parallel, tracts. A debtor who does not redeem within the statutory period, extended by 60 days by § 108(b), loses the right to redeem *under the tax statute* but preserves the right to modify the tax purchaser's secured claim under § 1322(b) if the bankruptcy was timely filed....

...The intervening bankruptcy, at most, allowed the debtor to modify the tax purchaser's claim under § 1322(b) and spread out payments of that claim under the plan. While the intervening bankruptcy may have altered the time frame in which the debtor had to act, she still possessed only those two options as of the petition date. She becomes <u>entitled</u> to the Tax Surplus only if she fails to redeem and subsequently is divested of the Property. That condition has not yet occurred and may never occur. Thus, the debtor holds a contingent interest in the Tax Surplus and it is not subject to turnover at this point. The Tax Surplus shall remain in the possession of the County until further order of this court.

***Id.*** *at 257-258.*

The Court in ***Harlan*** makes the distinction between redeeming and reorganizing the debt under § 1322. The two options that the Creditor speaks is in reference to redeeming the property. The debtor can either redeem the property and give up her right to the surplus, or make a claim to the surplus once the debtor is divested of title to the real estate. The ***Harlan*** court went on to hold, "The intervening bankruptcy, at most, allowed the debtor to modify the tax purchaser's claim under § 1322(b) and spread out payments of that claim under the plan." ***Id at 258.*** Although the debtor in ***Harlan*** filed her petition prior to the redemption period expiring, the Debtor asserts that the reasoning in ***Harlan*** regarding the status of the creditor's claim is sound. A tax purchaser has a lien on the real estate, and real estate is still property of the estate subjecting the tax purchaser's lien to modification under the bankruptcy code. Until the State Court holds a hearing finding that all requirements of the tax sale statute have been complied and the auditor is directed to issue a tax

Page 5

deed, the debtor still is the fee simple owner which would mean the real estate is property of the bankruptcy estate. As such, the debtor can treat the real estate in his Chapter 13 Plan.

According to the Seventh Circuit's holdings in *In re Lamont 740 F.3d 407(7th Cir. 2014) and In re Tynan, 773 F.2d 177(7th Cir. 1985),* and the bankruptcy courts' holdings in *In re Harlan, 580 B.R. 249(Bankr.S.D.Ind. 2017) In re Josephs,93B.R.151(Bankr.N.D.Ill. 1988) and In re Leonard 2013 WL 2237520(Bankr.S.D.Ind. 2013),* the right to treat the secured claim of a tax lien purchaser is different than attempting to redeem the property. If the Debtor had proposed a plan to redeem the real estate, the Creditor would be correct that he had lost that opportunity prior to the filing of the petition. However, the Debtor is not attempting to redeem but treat the purchaser's tax lien by paying it over the term of his Plan. All of the cases cited by the Creditor support the Debtor's position that the Motion for Relief should be denied, and the Debtor should be allowed to modify the secured claim of the Creditor under the bankruptcy code.

Respectfully submitted,

**MATTHEW JOSEPH LAUDIG**

RICARDO CASAS, ATTY. FOR DEBTOR
6949 KENNEDY AVENUE
HAMMOND, IN 46323
Phone (219)845-1122