OVER THE COUNTER

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

Receipt #336748

FILED 2020 OCT 7 PM 2:15
CLERK, US COURT, INND

CAUSE NO._____

| | | |
|---|---|---|
| MATTHEW JOSEPH LAUDIG, | ) | Appeal from United States Bankruptcy |
| | ) | Court, Northern District of Indiana, |
| Appellant-Plaintiff | ) | Hammond Division |
| | ) | |
| v. | ) | Trial Court Cause No. 19-22676 |
| | ) | Chapter 13 |
| BRIAN HECIMOVICH, | ) | |
| | ) | The Honorable Kent Lindquist, Judge |
| Appellee-Defendant | ) | |

## NOTICE OF APPEAL

Notice is hereby given that the Appellant, MATTHEW LAUDIG, hereby appeals to the United States District Court for the Northern District of Indiana, Hammond Division, from the Order of the Court entered on September 23, 2020, signed by the Honorable Kent Linquist, Judge, in the above-captioned action, and which reads:

> ORDERED, ABJUDGED, and DECREED, that the Motion for Stay Relief and Abandonment by Brian Hemicovich, should be and is hereby SUSTAINED. The §362 automatic stay as to the Debtor's real estate is hereby terminated pursuant to §362(d)(1) for cause, and the Real Estate is hereby abandoned from the Debtor's estate pursuant to §554(b). And, it is further,

> ORDERED, ABJUDGED, and DECREED, that the Objection to Confirmation by Brian Hecimovich, should be and is hereby sustained, and the Debtor shall file an Amended Plan within 28 days of the entry of this ORDER.

**Party Information**

Matthew Joseph Laudig
8374 Aster Drive, Apt. 3B
Merrillville, Indiana 46410
Phone: (219)781-9039
E-mail: m7.62x25@gmail.com

/s/ *Matthew Joseph Laudig*
Matthew Joseph Laudig

Please mail filings to the above address.

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 7th day of October, 2020, the foregoing was filed with the Clerk of the United States District Court, for the Northern District of Indiana, Hammond Division.

I also certify that on this 7th day of October, 2020, the foregoing was served by Certified US Mail return receipt requested upon:

Kenneth A. Manning (9015-45)
Manning & Mouratides, P.C.
120 West Clark Street
Crown Point, Indiana 46307
Phone: (219) 865-8376
FAX: (219) 865-4054
E-mail: trusteemanning@gmail.com

Robert F. Tweedle
Law Office of Robert F. Tweedle
2850 45th Street, Suite A
Highland, Indiana 46322
Phone: (219) 924-0770
FAX: (219) 924-0772
E-mail: rtweedle@tweedlelaw.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT HAMMOND

IN RE:                              )
MATTHEW LAUDIG                      )
                                    )   BANKRUPTCY NO. 19-22676
                                    )   CHAPTER 13
            Debtor                  )

## MEMORANDUM OPINION AND ORDER

### I.
### STATEMENT OF PROCEEDINGS

This Chapter 13 Case is before the Court on the Motion filed on January 28, 2020, for relief from stay and abandonment by Brian Hecimovich ("Hecimovich") and an Objection by Hecimovich to Confirmation to the Plan of the Chapter 13 Debtor Matthew Laudig ("Debtor") filed on January 28, 2020.

The stay relief Motion alleges, in part, that the Debtor is in title to that Real Estate commonly known as 807 E. Ridge Road, Gary, Indiana ("the Real Estate") and that on March 21, 2019 Hecimovich became an Assignee to a Lake County Commissioner's tax sale certificate as to the Real Estate.

The Motion further alleges that the date to redeem the tax sale certificate expired on July 19, 2019. The Motion further prays for relief from the automatic stay so that Hecimovich, as a secured creditor, may exercise his State Law Rights with respect to the Real Estate, including his right to a deed to the Real Estate pursuant to the Indiana tax sale scheme.

The Objection to Confirmation by Hecimovich is based on the tax sale certificate assigned to him, and alleges that the Plan did not adequately value the Real Estate, to be in excess of $3,000.00; failed to provide an adequate interest rate; and, that the Plan failed to fund the costs associated with the Real Estate, i.e. future Real Estate taxes and maintenance.

At the Pre-Hearing Conference held on both the Motion and the Objection by Hecimovich, Hecimovich and the Debtor stipulated there was no need to submit evidence, as these contested matters appeared to be questions of law only, and that these contested matters be submitted as an Agreed Case without

an evidentiary hearing. See Order dated March 18, 2020 (Docket No. 76).

Pursuant to that Order the parties were ordered to file a stipulation of facts and legal issues to be decided.

On April 7, 2020 the parties filed their Stipulation of Facts and Legal Issues (Docket No. 78). The Stipulation provided as follows:

**Facts**

1. The Debtor filed for Chapter 13 Bankruptcy Relief on September 25, 2019 and listed real estate located at 807 E. Ridge Road, Gary, Indiana ("Real Estate") as an asset of the bankruptcy estate.
2. On September 11, 2018, the Real Estate was sold to the Lake County Commissioners via a Tax Sale Certificate. (Tax Sale Certificate- Exhibit "A").
3. On March 21, 2019, the Real Estate was sold pursuant to I.C. 6-1. 1-24 by the Lake Couny Commissioners. The Lake County Commissioners assigned the Tax Sale Certificate to the Creditor/Tax Purchaser. (Assignment of Commissioner Owned Tax Sale Certificate- Exhibit "A")
4. The Assignment served upon the Debtor indicated that the redemption period would expire on July 19, 2019.
5. The Debtor did not redeem the real property from sale prior to July 19, 2019. The Debtor is not stipulating that the tax sale statute has been complied with and does not waive his right to assert compliance with the Indiana tax sale statutes as it relates to notices and redemption period.
6. On August 20, 2019, Creditor/Tax Purchaser filed a "Verified Petition for Order Directing the Auditor of Lake County, Indiana to issue Tax Deed". (Verified Petition- Exhibit "B")
7. The hearing on Creditor's/Tax Purchaser's "Verified Petition for Order Directing the Auditor of Lake County, Indiana to issue Tax Deed" was set for September 26, 2019. (Order Setting Hearing- Exhibit "C")
8. The hearing on September 26, 2019 was not conducted, no tax deed was issued to Creditor because the matter was stayed by the Debtor's filing of his bankruptcy petition.
9. Debtor had not redeemed the real property from sale prior to the filing this bankruptcy petition, and the Real Estate remained in the name of the Debtor as of the date of the filing of the bankruptcy petition. (See the Lake County Property Card- Exhibit "D").

**Legal Issues**

If the redemption period has expired under the Indiana tax sale statutes, whether the Debtor, whose real property was sold at the Indiana Tax Sale, has the right to treat the Tax Purchaser's claim and the real property in a chapter 13 plan when, under Indiana Law, the Tax Purchaser has not obtained a tax deed prior to the commencement of the debtor's bankruptcy.

## II.

### A.

### The Position of the Debtor

2

The Debtor on June 10, 2020 filed his Memorandum (Docket No. 81) and his Reply Brief on June 24, 2020 (Docket No. 89).

The Debtor asserts that although the redemption date to redeem the Tax Sale Certificate expired prior to the Chapter 13 Petition date of September 25, 2019, and Hecimovich had filed for a tax deed pursuant to I.C. 6.1-1-24, a hearing on the Petition for a tax deed had not been held, nor had a tax deed been issued. Thus, the Debtor asserts that he was still the owner of the Real Estate subject to the lien of Hecimovich and can be treated by the Debtor's Plan.

The Debtor cites the case of In Re Leonard, 2013 WL 2237520 (Bankr. S.D. Ind. 2013), in support of his position, In Leonard, the property was sold at a tax sale on August 31, 2011, and thus the debtor had until August 31, 2012, to redeem the property. The Debtor filed a Chapter 13 Petition on May 25, 2012 or prior to the redemption date. The Debtor filed an Adversary Proceeding for injunctive relief to stay the transfer of the Real Estate to the tax sale purchaser by virtue of a tax deed.

The Leonard Court granted the Debtor's Motion for Summary Judgement and enjoined the tax sale purchaser from taking any further steps and pursuant to the Indiana Statutory Tax Sale scheme to obtain the issuance of a tax deed for the failure of the Debtor to redeem on or before August 31, 2012. The Leonard court also decided that the Debtor could treat the holder of the tax lien certificate as a secured creditor pursuant to a Chapter 13 Plan as provided by §1322(b)(2). The Leonard Court held that inasmuch as Indiana Case Law provides that the issuance of Tax Sale Certificate does not immediately transfer title, the purchaser acquires a lien pursuant to I.C. 6-1.1-24-9(b), and thus the lien may be treated by the debtor's Plan.

The Debtor also cites In Re Robinson, 577 B.R. 299 (Bankr. N.D. Ill. 2017) in support of his position. Robinson implicated the Illinois Tax Sale scheme. In Robinson, the debtor filed a Chapter 13 Petition one day prior to the redemption date. The Court held that after the expiration of the redemption period but prior to the issuance and recording of a tax deed, the debtor could treat the tax sale purchaser as a secured creditor pursuant to his plan. The Robinson Court cited In Re Lamont 740 F.3d 397 (7th Cir. 2014). In Lamont the Seventh Circuit held that a non-recourse tax Lien represented by a certificate of purchase, is a secured claim that could be

3

treated under the debtor's Chapter 13 Plan Id. 740 F.3d at 409-410. In Lamont, the debtor also filed his chapter 13 petition prior to expiration of the redemption date.

### B

### The Position of Hecimovich

Hecimovich cites the unpublished Memorandum Opinion and Order of this Court in the case of In Re Weathersby, Case No. 12-23347 dated March 5, 2012, which granted a Motion for Stay Relief and Abandon by CPT Rev LLC. In Weathersby, this Court decided that the creditor, who held a statutory tax lien certificate, could proceed in the state court to obtain a tax deed. In Weathersby this Court held that inasmuch the debtor's one year statutory right of redemption had expired prior to the Chapter 13 Petition date pursuant to I.C. 6-1.1-25 (4)(a)(ii), as extended by §108(b), the cure provisions of §1322((b)(2), §1322(b)(5), and §1325(a)(5) were not applicable beyond the 60 day period, as set out in §108(b). Thus, the creditor had "shown cause" that the Motion for Stay Relief shall be granted; citing In Re Murray 276 B.R. 804 (Bankr. N.D. Ill 2002) with approval. Id. at p.21. A copy of this Court's decision in Weathersby is appended hereto as Appendix A, and is incorporated herein by reference into the Opinion of this Court in this case.

Hecimovich properly notes the cases cited by the Debtor all involved factual scenarios where the debtor filed a Chapter 13 petition prior to the expiration of the statutory redemption date, while in the case before the Court, the Debtor, as in Weathersby, filed his Chapter 13 Petition after the statutory redemption date.

### III.

### Conclusions of Law and Discussion

No objection was made by counsel to the subject-matter jurisdiction of this Court as to this matter. The Court finds subject-matter jurisdiction to be present, pursuant to 28 U.S.C. §1334(b), and that this contested matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

In reaching its decision, the Court must address the Opinion of the Seventh Circuit in the case of In

Re Lamont 740, F.3d 397 (7th Cir. 2014), which was decided after this Court's decision in Weathersby. In Lamont, the Seventh Circuit held that a tax lien obtained through a tax sale pursuant to the Illinois tax sale scheme could be treated as a secured claim under a chapter 13 plan pursuant to §1322(b)(2) as the time to obtain and record a tax deed had <u>not</u> expired when the Chapter 13 petition was filed and did not affect the treatment of the secured claim in the debtor's plan. Id. 740 F.3d at 409-410.. The Lamont court stated as follows:

> [T]reating property sold at a tax sale the same way as property sold at a foreclosure sale ignores the differences between the transactions. Under Illinois law, a mortgage foreclosure sale should occur only after the statutory right of redemption has expired. *Colon v. Option One Mortgage Corp.*, 319 F.3d 912, 920 (7th Cir. 2003) (citing 735 ILCS 5/15-1507(b)), Therefore, after a foreclosure sale, "assuming that the redemption period has run, the purchaser at that sale has a presumptive right to eventual ownership of the property," subject only to confirmation that all formalities were obeserved. *Id.* at 921. Accordingly, subsequent to a foreclosure sale "the only property interest which the [debtors have] in the real estate after the foreclosure sale [is] the [statutory] right of redemption," [t]he real property [] did not become part of the estate." *Matter of Tynan*, 773 F.2d 177, 179 (7th Cir. 1985). Under those circumstances, it is appropriate to lift the automatic stay so that the purchaser may pursue the ministerial steps to obtain legal title to property that he already has the right to own.
>
> The circumstances may be similar in the tax sale context when a debtor files a bankruptcy petition after the redemption deadline has passed, *see In re Bates*, 270 B.R. 455, 469-70 (Bankr. N.D. Ill 2001), but the circumstances are different if the petition is filed while time reamins to redeem. Before the redemption period has expired, a property subject to a Certificate of Purchase still belongs to the delinquent tax-payer, legally and equitably.

Id. 740 F.3d at 405-406

The Seventh Circuit in Lamont was thus careful in drawing a distinction between the filing of a chapter 13 petition <u>before</u> the redemption period had expired, and when the chapter 13 petition is filed <u>after</u> the redemption period had expired. In so doing, the Lamont court cited In re Bates, 270 B.R. 455-469-470 (Bankr. N.D. Ill. 2001). Id. 740 F.3d at 406. The Bankruptcy Court in Bates stated as follows:

> The effect of expiration of the redemption period prior to a bankruptcy filing. The discussion of bankruptcy and Illinois tax sales, set out above, considers only the situation of a bankruptcy case filed during the period of redemption allowed by Illinois law. If a bankruptcy case is filed after the expiration of the redemption period, the

5

situation is different. After the redemption period expires, the landowner can no longer avoid the issuance of a tax deed by paying the redemption price. In effect, the tax purchaser has a right to the debtor's property, contingent only on the tax purchaser's complying with the necessary procedures within the required time. Thus, transfer of the property to the tax purchaser is no longer a consequence of nonpayment by the debtor, and payment is no longer an alternative form of relief to transfer of the property. In effect, a transfer of the landowner's rights occurs at the end of the redemption period if a bankruptcy is not in place. Under these circumstances, there is no "claim" (or "right to payment" under § 101(5) of the Bankruptcy Code) that can be treated in the bankruptcy case.

With no potential for claim treatment in a bankruptcy filed after the expiration of the redemption period, the impact of the automatic stay is also different. Although the stay would still apply to prohibit actions to obtain a tax deed (as an action to obtain control over property of the estate), there would be cause for the stay to be terminated by the bankruptcy court under § 362(d), since the creditor could not be required to accept payment through the bankruptcy case in lieu of its right to the property. *Cf. In re Wells Properties, Inc.* 102 B.R. 685, 691 n. 3 (Bankr. N.D. Ill 1989) (once the tax purchaser's right to a deed is fixed, the purchaser should have "little difficulty" in obtaining relief from the automatic stay).

Id. 270 B.R. at 469-470 (footnotes omitted)

The Court concludes that its Memorandum Opinion and Order in <u>Weathersby</u> and appended hereto, and the decision of the Bankruptcy Court in <u>In re Bates</u> were correctly decided. Accordingly, inasmuch as the statutory period to redeem the tax sale certificate held by Hecimovich had clearly expired <u>prior</u> to the filing of the Debtor's Chapter 13 Petition pursuant to the Indiana tax sale scheme, the Debtor can no longer avoid the issuance of a tax deed. In effect, Hecimovich has a right to the Debtor's Real Estate, contingent only on Hecimovich complying with the necessary procedures to obtain tax deed pursuant to the Indiana Tax Sale scheme. Accordingly, Hecimovich does not hold a secured claim that can be treated by the Debtor's Chapter 13 Plan pursuant to §1322(b)(2). As a consequence, the Motion for Stay Relief and Abandonment and the Objection to Confirmation by Hecimovich must be sustained. It is therefore,

**ORDERED, AJUDGED, and DECREED**, that the Motion for Stay Relief and Abandonment by Brian Hecimovich, should be and is hereby SUSTAINED. The §362 automatic stay as to the Debtor's real

estate is hereby terminated pursuant to §362(d)(1) for cause, and the Real Estate is hereby abandoned from the Debtor's estate pursuant to §554(b). And it is further,

**ORDERED, ADJUDGED, and DECREED,** that the Objection to Confirmation by Brian Hecimovich, should be and is hereby sustained, and the Debtor shall file an Amended Plan within 28 days of the entry of this Order that is consistent with this Order.

The Clerk shall enter this Order on a separate document.

Dated: September 17, 2020

_____
JUDGE, U. S. BANKRUPTCY COURT

Distribution:
Debtor
Attorney for Debtor
Attorney for Hecimovich
Trustee
U. S. Trustee